IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LATRINA DANSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. TMD-07-1235 |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Latrina Danson ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, §§ 1381-1383(c).  Before the Court are Plaintiff's and Defendant's Motions for Summary Judgment.  (Paper Nos. 17 and 26).  No hearing is deemed necessary. Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

**I.  Procedural History**

Plaintiff protectively filed her applications for DIB and SSI on May 21, 2003 alleging disability since January 15, 2003 due to chronic pain, cervical disc syndrome and lumbar disc syndrome. R. at 52-54, 58, 67, 134-37, 186.  The claims were denied initially and on reconsideration. R. at 27-29, 31-34, 139-41, 143-45.  On October 7, 2004, a hearing was held

before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 151-82. Plaintiff was represented by counsel. By decision dated December 10, 2004, the ALJ denied Plaintiff's request for benefits. R. at 16-23. The Appeals Council denied review on August 10, 2005. R. at 5-8.

Plaintiff appealed to this Court which granted the Commissioner's Consent Motion to Remand. R. at 195-200. A supplemental hearing was held on February 5, 2007, at which Plaintiff and a VE testified. R. at 246-67. By decision dated February 21, 2007, the ALJ again denied benefits. R. at 186-94. This became the final decision of the Commissioner subject to judicial review.

## II.  ALJ's Decision

The ALJ evaluated Claimant's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and § 416.920. At the first step, the ALJ determined Claimant had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: lumbar disc disease, cervical disc disease and chronic pain syndrome. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Claimant could not perform her past relevant work. Finally, at step five, the ALJ found that there are a significant number of jobs in the national economy that Claimant could perform given her residual functional capacity ("RFC"). Accordingly, he found that Claimant was not disabled within the meaning of the Social Security Act.  R. at 186-94.

### III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff contends that the ALJ's opinion is not supported by substantial evidence because the ALJ (1) erroneously assessed Plaintiff's residual functional capacity ("RFC"); and (2) failed to properly develop the administrative record.

    A.    RFC

Plaintiff first contends that the ALJ failed to provide a narrative discussion explaining how the evidence in the record supports the findings incorporated in his RFC assessment. An RFC assessment must include a narrative discussion describing how the evidence supports each

conclusion, citing specific medical facts and non-medical evidence.  Social Security Ruling ("SSR") 96-8p.  The Court disagrees with Plaintiff and finds that the ALJ adequately followed the form of the analysis required by SSR 96-8p.  The ALJ first examined and discussed Clamaint's own testimony and concluded that her "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but that her statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely credible." R. at 191.  The ALJ next discussed Claimaint's medical history, thoroughly examining the medical evidence in the record.  R. at 191-92.[1]  Taking into account Claimant's age, education, work experience, and residual functional capacity, the ALJ found that she could perform less than the full range of light and sedentary work with various limitations.  R. at 191-92.  Claimant now questions (in the broadest fashion) how the ALJ arrived at each of his RFC findings.  However, a thorough reading of his opinion, as well as the prior opinion incorporated by reference, evidences the ALJ indeed arrived at his findings through a narrative discussion.  The ALJ accorded the opinions of Dr. Moore and Dr. Mondino significant and great weight, respectively.  It is clear that the ALJ's findings regarding Claimant's ability to walk, stand, push, pull, etc. are based on those opinions as well as his evaluation of Claimant's own testimony and activities of daily living.  Indeed, Plaintiff does *not question* any specific finding incorporated within the RFC and direct the Court's attention to *any* evidence in the record which would refute it.

The Court rejects Claimant's argument that the ALJ did not accord the opinions of the state agency physicians significant weight.  For example, the state agency physician found

---

[1] The ALJ also incorporated the discussion of medical evidence form his prior decision. R. at 189.

Plaintiff capable of occasionally lifting 20 pounds and frequently lifting 10 pounds (the same as the RFC found by the ALJ), stand and/or walk about 6 hours in an 8 hour work-day (ALJ found Claimant not capable of prolonged walking or standing), unlimited in her ability to push or pull (ALJ found limited ability in her lower extremities and therefore ALJ's finding is more restrictive). As for postural limitations, while the state agency physician found Claimant frequently able to balance, kneel, crouch and crawl, the ALJ's RFC findings were again more restrictive in that he found Claimant only occasionally able to perform these functions. R. at 110-11, 190.

Claimant next asserts that the ALJ improperly gave great weight to the opinion of the consultative examiner because that report included internal consistencies. Specifically, Claimant notes that although Dr. Mondino concluded that Claimant had full flexion, extension and rotation, the actual range of motion chart showed that Plaintiff's neck rotation was 45 degrees out of 80 degrees, her neck flexion was 40 out of 60 degrees and her lateral extension was 30 degrees out of 45 degrees. R. at 106, 108. The ALJ in fact discussed Dr. Mondino's observations on the range of motion charts noting that they reflected some limited ranges of motion. R. at 192. Overall, the Court does not find the ALJ erred with respect to his conclusions regarding Dr. Mondino's opinion; and furthermore, rejects Plaintiff's argument that the ALJ failed to include any limitation in the RFC regarding Plaintiff's motion in cervical spine, R. at 108, and neck impairment.

Plaintiff also asserts the ALJ did not consider additional evidence submitted to the Appeals Council. R. at 234-45. Although the ALJ did not cite to each and every orthopaedic consultation report, the Court finds that he did not ignore that evidence and in fact, cited to

5

specific reports in support of his finding that Plaintiff's allegations of pain were not entirely credible. R. at 191-92 citing R. at 239, 243.

B.      Duty to Develop the Record

Plaintiff next asserts that the ALJ erred by failing to recontact Claimant's treating physician, Dr. Jackson.[2] An ALJ is required to recontact medical sources only when the evidence received is *inadequate* to determine whether the claimant is disabled. 20 C.F.R. § 404.1512(e). Contrary to Plaintiff's assertions, the ALJ did not determine that the records from Dr. Jackson were insufficient to determine whether Plaintiff was disabled. To the contrary, the Court finds that the ALJ's discussion of these medical records evidences that there indeed existed a sufficient basis upon which to make his finding. As discussed above, he reviewed Dr. Jackson's 2006 reports finding that they failed to support Plaintiff's allegations of pain. R. at 191, 239, 240, 241. Dr. Jackson noted that he did not observe any neurological worsening in 2006. R. at 191, 239. In November, 2006, he noted that Claimant's neck pain was under fair control with rest and medications. R. at 244. A review of an MRI in December, 2006 did reveal spinal stenosis, lumbar disc syndrome and post-laminectomy syndrome, but Claimant was only ordered to undergo a series of lumbar epidural blocks. R. at 245. Regarding Dr. Jackson's opinion that Claimant was unfit for work, (an opinion unquestionably reserved for the Commissioner, *see* 20 C.F.R. § 404.1527(e)(3)), the ALJ further noted that Dr. Jackson's opinions were not based on objective medical findings nor did he cite any to support his opinion that Plaintiff was not fit for gainful employment. R. at 192. Nothing in the record triggers the ALJ's duty to recontact Dr. Jackson but rather support his decision to reject his opinion.

---

[2]The ALJ incorrectly cites to Dr. Hampton instead of Dr Hampton Jackson.

6

Next Plaintiff argues that the ALJ should have ordered a consultative examination because the record was devoid of any evidence for a period of more than three years prior to the date of the ALJ's decision. The record was not devoid of any evidence for this time period. In fact, it contained the reports of Dr. Jackson which the ALJ rejected. There is no basis for the assertion that a consultative examination be ordered based on the fact that the treating physician's opinion is rejected.

A consultative examination is obtained in order to resolve any conflicts or ambiguities within the record, and "to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. §§ 404.1519a(a)(2), 416.919a(a)(2). Such an examination can be ordered by the ALJ once he has given "full consideration to whether the additional information needed ... is readily available from the records of [the claimant's] medical sources." 20 C.F.R. §§ 404.1519a(a)(1), 416.919a(a)(1) (2008). However, prior to ordering a consultative examination, the ALJ is to not only consider the existing medical records, but he also should consider "the disability interview form containing [the claimant's] allegations as well as other pertinent evidence in [the claimant's] file." 20 C.F.R. §§ 404.1519a(a)(1), 416.919a(a)(1) (2008). The ALJ may order a consultative examination "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the] claim." 20 C.F.R. § § 404.1519a(b), 416.919a(b) (2008).

Contrary to Plaintiff's assertions, the circumstances required to order a consultative examination were not met in this case. There is simply no basis for Plaintiff's assertion that the ALJ found the evidence in the record insufficient to make his findings.

7

### V. Conclusion

Based on the foregoing, the Defendant's Motion for Summary Judgment is GRANTED.

July 30, 2009

_____/s/_____
Thomas M. DiGirolamo
United States Magistrate Judge

Copies to:
Stephen Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Allen F. Loucks, Esq.
Special Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692